(No. 478█ 

ELEVATOR MANUFACTURING COMPANY OF AMERICA, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

GANN, SECORD, STEAD AND. McINTOSH, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, Elevator Manufacturing Company of America, A Corporation, filed its complaint in this Court on July 15, 1957, wherein it is alleged that claimant supplied labor and materials for removing, repairing and reinstalling a burned out motor for an elevator located in the Chicago State Hospital, Chicago, Illinois, on February 16, 1955. The charges for such labor and material were billed to the Chicago State Hospital, but payment was refused.

Respondent did not file an answer. Therefore, it is considered that there is a general traverse or denial of the facts set forth in the complaint.

The amount of the claim is in the sum of $484.46.

The record consists of the following:

1. Complaint
2. Motion of respondent to strike and dismiss the complaint of claimant
3. Proof of service of a copy of the motion of respondent on counsel for claimant

4. Substitution of attorneys
5. Order overruling motion to strike

A motion had been previously filed to strike the complaint because no contract was entered into, but this Court overruled it.

Respondent offered, and there was received in evidence, a Departmental Report, wherein it is stated that claimant removed, repaired and reinstalled the motor, that the work was necessary, the cost was reasonable, and the work was excellent.

It appears that this was an emergency matter. Even though there was no contract, claimant had been called on previous occasions to do work on elevators for which it had been paid; and, inasmuch as the chief maintenance officer of the Chicago State Hospital had ordered the emergency repairs made, claimant had been advised that the work would be approved and payment made. Inasmuch as this had come to the attention of the Division of Architecture and Engineering, who authorized the maintenance officer to have this work done, the mere fact that there was no contract, and the work was done in the 68th Biennium, which ended June 30, 1955, and all appropriations had lapsed on September 30, 1955, in our opinion does not defeat claimant's right to recover the sum of $484.46.

Our only concern is, and we find it to be a fact, that this was an emergency matter. Claimant was a responsible party, and did its work in a satisfactory manner, and a fair and reasonable charge was made therefor.

An award is, therefore, made to claimant in the sum of $484.46.